UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
I.A.M. NATIONAL PENSION FUND,      )
NATIONAL PENSION PLAN,             )
                                   )
        and                        )
                                   )
WARREN MART and                    )
BURTON C. TREBOUR,                 )
Co-chairmen of the Board of        )
Trustees of the I.A.M.             )
National Pension Fund,             )
                                   )
1300 Connecticut Avenue, NW        )
Suite 300                          )
Washington, DC  20036              )
(202) 785-2658                     )
                                   )
        Plaintiffs,                )
                                   )
    v.                             )   Case No.
                                   )
KREGER TRUCK RENTING CO., INC.     )
369 Kingsland Avenue               )
Brooklyn, New York 11222           )
(718) 383-4300                     )
                                   )
        Defendant.                 )
_____)

COMPLAINT

(An action for legal relief to enforce §515 of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1145)

1.  This is an action for legal relief brought pursuant to 29 U.S.C. §1132(a)(3) by the I.A.M. National Pension Fund, National Pension Plan and its Co-Chairmen to secure the performance of statutory and contractual obligations owed to the Plan by the defendant.

2.  This Court has jurisdiction of this action under the

- 2 -

provisions of 29 U.S.C. §1132(e)(1).

3.   Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2).

4.   Plaintiff I.A.M. National Pension Fund, National Pension Plan, (hereafter "the Plan") is a collectively bargained labor-management pension trust fund created by Agreement and Declaration of Trust originally entered into on May 1, 1960, pursuant to the provisions of 29 U.S.C. §186(c)(5).  The Plan maintains its principal place of business at 1300 Connecticut Avenue, NW, Suite 300, in the City of Washington, DC.

5.   The Plan is an "employee pension benefit plan" within the meaning of 29 U.S.C. §1002(2) and a "multi-employer plan" within the meaning of 29 U.S.C. §1132(d)(1).

6.   Warren Mart and Burton C. Trebour are the Co-Chairmen of the I.A.M. National Pension Fund Board of Trustees and are fiduciaries within the meaning of 29 U.S.C. §1132(a)(3).

7.   The defendant Kreger Truck Renting Co., Inc. is a for-profit business organization authorized to do business in the State of New York.  Its principal office and place of business is located in Brooklyn, New York.

- 3 -

8. On or about January 1, 1998, defendant entered into a collective bargaining agreement with Local Lodge No. 447 of District Lodge No. 15 of the International Association of Machinists and Aerospace Workers (hereafter referred to as "the Union"). Among other things, that collective bargaining agreement, and the subsequent renewals thereof, obligated defendant to commence making regular contributions to the plan on behalf of those of its employees in the bargaining unit represented by the Union, and to continue those contributions during the term of the agreement.

9. In the Collective Bargaining Agreement described in paragraph 8, representatives of the Defendant and the Union entered into the Standard Contract Language required by the Plan, Defendant thereby agreed to commence and continue making payments to the Plan at the rate and on the basis required therein and adopted and agreed to be bound by the provisions of the Trust Agreement, dated May 1, 1960, and all amendments thereto, and adopted and agreed to be bound by the Plan rules as amended from time to time.

10. By entering into the agreements described in paragraphs 8 and 9, Defendant and the Union met the requirements for

- 4 -

participation in the Plan, and upon acceptance by the Trustees, Defendant became a "contributing Employer" and the Union became a "participating lodge" in the pension plan maintained by the Plan. By virtue of this agreement, Defendant is now obligated to file monthly reports with the Plan, showing the amount of time for which each employee in the Union's bargaining unit received pay in accordance with the collective bargaining agreement during the month.  Defendant is now obligated to pay to the Plan each month the contribution required by the collective bargaining agreement on those reports.

11. Article V, Section 4 of the Plan Trust Agreement <u>as amended</u>, by which Defendant has agreed to be bound, provides in pertinent part as follows:

> When an Employer has failed to pay the amounts due to the Pension Fund when such amounts become due and payable, that Employer shall be considered delinquent. If the Employer fails to make contributions within thirty (30) days after the date of the delinquency, the Employer shall be liable for liquidated damages of 20% of the amount due and simple interest shall be paid on all amounts due at the rate of 18% per annum from the date of the delinquency until the date payment is received.  The Trustees may from time to time change the applicable percentages for liquidated damages and interest, but on a uniform basis for all Employers.
>
> The Trustees shall have the power to take any action necessary to enforce the payment of contributions, liquidated damages, interest, and other amounts due, including, but not limited to, the institution of or intervention in any legal, equitable or administrative proceedings, and all reasonable

- 5 -

>     expenses incurred by the Fund in enforcing the payment
>     of contributions, liquidated damages, interest, and
>     other amounts due, including, but not limited to
>     reasonable attorneys' fees, accountants' fees and court
>     costs shall be added to the obligation of the
>     defaulting Employer in addition to the amount due.  The
>     Employer agrees that such sums, together with
>     liquidated damages and interest as set forth above,
>     shall be included in any judgment issued by a court.
>     The Trustees shall have the authority to settle or
>     compromise any claims, suits, or legal actions for less
>     than the full amount due when in their discretion, they
>     deem it in the best interest of the Fund.

12. Notwithstanding its obligations to make accurate and timely reports and contributions to the Plan required by the agreements to which defendant is a party and described in paragraphs 8 and 9 above, defendant has failed and refused since at least July 2001 to make required payments in an accurate and timely manner, to wit: The Fund has no received $6,667.06 in underpaid amounts for the years 2000 and 2002. Defendant was billed for $2,210.87 for the year of 2000 on July 6, 2001. Liquidated damages of $895.33 has accrued. Defendant was billed for $4,456.19 for the year 2002 on April 2, 2003. Liquidated damages of $200.52 has accrued. The Fund has not received $5,896.00 in underpaid pension contributions for the months of January, 2003 through and including June, 2003, August and September, 2003, on which liquidated damages of $1,179.20 and interest of $707.52 has accrued to date. In addition defendant

- 6 -

has failed to submit pension contributions, of $39,306.00, for the months of July, 2003, October, 2003, December, 2003 and February, 2004 through and including April, 2006. Liquidated damages of $7,623.12 and interest of $11,360.89 have accrued to date. In addition, defendant has failed to submit either remittance reports or pension contributions, estimated to total $10,608.00, for the months of May, June, July, August, September and October, 2006. Liquidated damages estimated to total $1,387.20 and interest estimated to total $263.16 has accrued to date. The total estimated as due the Fund by the defendant is approximately $86,094.00.

13. §515 of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1145, provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

14. §502(g)(2) of the Employee Retirement Income Security Act of 1974, provides:

> In any action under this title by a fiduciary or on behalf of a plan to enforce Section 515 in which a

- 7 -

    judgment in favor of the plan is awarded, the court shall award the plan -

(A)  the unpaid contributions,
(B)  interest on the unpaid contributions,
(C)  an amount equal to the greater of
    (i)  interest on the unpaid contributions, or
    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
(D)  reasonable attorney's fee and costs of the action, to be paid by the defendant, and
(E)  such other legal or equitable relief as the court deems appropriate.

15. The Plan has attempted to secure defendant's voluntary compliance with its obligation to make pension contributions to the Plan, but notwithstanding these efforts, defendant continues to fail and refuse to submit such payments and remittance reports in an accurate and timely manner as it has agreed and as is required by statute to do.

16. Unless required otherwise by order of this Court, defendant will continue to be delinquent in the financial and reporting obligations it owes this Plan and to which this Plan is entitled by virtue of the plan rules and agreements governing defendant's participation in the Plan.

WHEREFORE, Plaintiffs pray that the court enter an order requiring Defendant promptly to submit to the Plan all reports and contributions now due and owing by Defendant to the Plan but

- 8 -

not yet paid, interest on the unpaid contributions, plus an amount equal to the greater of interest on the unpaid contributions, or liquidated damages provided for under the Plan; Plaintiffs further pray that the Court award reasonable attorneys' fees and costs as incurred in this action and such other or further relief as the interests of justice may require.

                              Respectfully submitted,

Dated:   November 9, 2006      /s/_____  
                              Joseph P. Martocci, Jr., #955716  
                              1300 Connecticut Avenue, NW  
                              Suite 300  
                              Washington, DC   20036  
                              (202) 785-2658  
                              (202) 463-8098 (fax)  
                              jmartocci@iamnpf.org

                              /s/_____  
                              Robert T. Osgood, #247973  
                              1300 Connecticut Avenue, NW  
                              Suite 300  
                              Washington, DC   20036  
                              (202) 785-2658  
                              (202) 463-8098 (fax)  
                              rosgood@iamnpf.org

                              Attorneys for Plaintiffs

JS-44
(Rev. 2/01 DC)

# CIVIL COVER SHEET

06 1914

## I (a) PLAINTIFFS
I.A.M. NATIONAL PENSION FUND,
NATIONAL PENSION PLAN, et al.,

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
KREGER TRUCK RENTING CO., INC.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Joseph P. Martocci, Jr., & Robert T. Osgood
1300 Connecticut Avenue, N.W., Suite 300
Washington, DC 20036  (202) 785-2658

CASE NUMBER  1:06CV01914

JUDGE: Richard J. Leon

DECK TYPE: Labor/ERISA (non-employment)

DATE STAMP: 11/09/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

## ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☒ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
An action for legal ~~~~ relief to enforce Section 515 of the Employee Retirement Income Security Act of 1974, as amended by 29 U.S.C. Section 1145.

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $    Check YES only if demanded in complaint JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO   If yes, please complete related case form.

DATE 10/9/06   SIGNATURE OF ATTORNEY OF RECORD /s/ [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd